UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WILDERNESS OAK LLC, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | SA-24-CV-877-FB (HJB) |
| § | |
| THOMAS ANTHONY, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the status of the above case, which has been automatically referred to the undersigned for disposition of any application to proceed *in forma pauperis* ("IFP") and for review under 28 U.S.C. § 1915, pursuant to this Division's October 8, 2019, Standing Order. (*See* Text Entry dated August 8, 2024.) For the reasons set out below, I recommend that IFP status be **DENIED** to Defendant, and that the case be **REMANDED** to state court.

A party may not proceed in federal court without either paying the filing fee or being granted leave to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. The current filing fee is $405; this fee applies to actions that are removed to federal court by state-court defendants as well as complaints originally filed by plaintiffs in federal court. 28 U.S.C. § 1914(a).

If a person wishes to proceed IFP in lieu of paying the fee, he or she must submit "an affidavit that includes a statement of all assets [he] possesses" and indicates "that the person is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1).

On August 8, 2024, Defendant filed a notice of removal of Case No. 2024CV06312 from County Court-at-Law 3 in Bexar County, Texas. (Docket Entry 1-1.) Defendant did not pay the filing fee; instead, he filed a document titled "Financial Statement" (Docket Entry 1), which provided no indication of Defendant's assets, making it is impossible to determine whether he is entitled to IFP status. On August 20, 2024, the undersigned issued an Order requiring Defendant to either pay the filing fee or file a complete IFP Application that includes all the required information as to his employment, assets, and liabilities. (Docket Entry 4, at 4.) The Order included the appropriate IFP application form. (Docket Entry 4-1.)

Defendant was given a deadline of September 20, 2024, to either pay the filing fee or submit a proper IFP application. The deadline has now passed, but Defendant has not complied with the Court's Order. Defendant's failure to do so justifies denial of IFP status and remand of his case to state court.

In his original "Financial Statement," Defendant appeared to object to having to provide financial information or pay a fee on the grounds that it denies him access to the courts. (*See* Docket Entry 1, at 1–2.) To the contrary, § 1915 is specifically "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). "Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court IFP by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit." *Neitzke*, 490 U.S. at 324. Under this statute, the Court must examine Defendant's financial condition in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). By failing to file the required documents, Defendant has made that impossible.

Because Defendant has neither paid the filing fee upon removal nor submitted the required application to proceed IFP, I recommend that IFP status be **DENIED**, and the case **REMANDED**.

### Notice of Right to Object

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **fourteen (14) days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. Absent leave of Court, **objections are limited to twenty (20) pages in length**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "[f]rivolous, conclusory, or general objections can be ignored." *See Croy v. United States*, 697 F. Supp. 3d 653, 662 (W.D. Tex. 2023) (Moses, C.J.) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on September 27, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge