IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILDERNESS OAK LLC, *ET AL.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-24-CV-877-FB |
| | § | |
| THOMAS ANTHONY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on September 27, 2024 (docket #15). On October 1, 2024, the Report and Recommendation was sent by certified mail addressed to Defendant Thomas Anthony. According to the United States Postal Service tracking system (USPS.com), the certified mail "was delivered to the front desk, reception area, or mail room at 10:10 a.m. on October 4, 2024, in SAN ANTONIO, TX 78232." https//tools.usps.com/go/TrackConfirmAction last visited on October 31, 2024. To date, no objections or response to the Report have been filed.[1] The Court has reviewed the electronic docket sheet in this case and does not find a change of address notification filed by the Plaintiff.[2]

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

[2] The mailing address for Defendant Anthony used by the Clerk's Office in this case is the same address Defendant used on his last filing in this case, the Emergency Motion to Lift Stay filed on September 16, 2024 (docket #14). Mr. Anthony has not filed any other document with the Court since that time.

In the Report, United States Magistrate Judge Henry J. Bemporad recommends the Defendant's IFP status be denied and this case be remanded to County Court-at-Law 3, in Bexar County Texas.  As Judge Bemporad explains in the Report, Defendant Anthony filed a Notice of Removal in this Court but did not the pay the filing fee of $405.  Instead, Defendant filed a document entitled (Financial Statement) which did not contain information on Defendant's assets thereby making it impossible for this Court to determine his eligibility for IFP status.  On August 20, 2024, Judge Bemporad issued an order requiring Defendant to either pay the filing fee or file a completed IFP application and provided Defendant with a copy of the application (docket #4 and #4-1).  Mr. Anthony was given a deadline of September 20, 2024, to either pay the filing fee or submit a proper IFP application.  To date, Defendant has not complied with that order, and as stated in the Report, his failure justifies the denial of IFP status and the remand of this case.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), <u>cert. denied</u>, 492 U.S. 918 (1989).  The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that IFP status for the Defendant shall be DENIED and this case REMANDED.

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on September 27, 2024 (docket #15), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the Defendant is DENIED IFP status and therefore, this

case is REMANDED to County Court-at-Law 3 in Bexar County, Texas. IT IS FURTHER ORDERED that the Clerk of Court send a certified copy of this order to the clerk of the state court.

IT IS FURTHER ORDERED that the Clerk of Court send a copy of this Order by certified mail, return receipt requested and by regular mail to Defendant at his last known address.

It is so ORDERED.

SIGNED this 31st day of October, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE